NO. 07-05-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 17, 2006

_____

BRETT THOMAS BAIRD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY CRIMINAL COURT #3 OF DENTON COUNTY;

NO. 2004-09096-C; HONORABLE DAVID D. GARCIA, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

## ON ABATEMENT AND REMAND

Appellant Brett Thomas Baird has given notice of appeal from a Judgment of Community Supervision for the offense of Duty on Striking Fixture or Highway Landscaping. The appellate court clerk received and filed the trial court clerk's record on September 23, 2005. The trial court reporter's record was filed on November 15, 2005.

By letter dated December 28, 2005, the appellate clerk reminded counsel for appellant that appellant's brief was due on December 15, 2005, and that neither the brief

nor a motion for a further extension of time had been received. Counsel for appellant was further advised by such letter that if no response to the letter was received by January 6, 2006, the appeal would be abated to the trial court for hearing pursuant to Rule of Appellate Procedure 38.8(b). No response has been received.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine:

(1) whether appellant desires to prosecute this appeal;

(2) if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal;

(3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and

(4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental

2

reporter's record.  Those supplemental records shall be submitted to the clerk of this court no later than February 17, 2006.

Per Curiam

Do not publish.